UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| IVORY LEE HOWARD, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | Case No. 4:06CV1772 JCH |
| DANA THOMPSON, | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Missouri State prisoner Ivory Lee Howard's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. The matter is fully briefed and ready for disposition.

On September 2, 2003, a jury in the Circuit Court of St. Charles County, Missouri, convicted Petitioner of one count of first degree tampering. Petitioner was sentenced to ten years imprisonment. On January 25, 2005, the Missouri Court of Appeals affirmed Petitioner's conviction. State v. Howard, 155 S.W.3d 803 (Mo. App. 2005). Petitioner thereafter filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which was denied after an evidentiary hearing. (Resp. Exhs. 7, 8). The Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction motion. Howard v. State, 214 S.W.3d 350 (Mo. App. 2007).

Petitioner is currently on parole. As the Court construes the instant petition for writ of habeas corpus, Petitioner raises the following three grounds for relief:

(1) That Petitioner received ineffective assistance of counsel, in that trial counsel failed to call Petitioner as a witness during the hearing on the Motion to Suppress Statements;

(2) That Petitioner received ineffective assistance of counsel, in that trial

counsel failed to locate, interview, and call as witnesses St. Charles County Crime Investigator Kelly Tiefenbrunn and St. Charles City Police Officer James Arnold; and

(3) That the trial court violated Petitioner's due process rights and right to be free from self incrimination, when it denied Petitioner's Motion to Suppress Statements, and admitted at trial the following incriminating statements Petitioner allegedly made before being given <u>Miranda</u> warnings:

    (a) Petitioner's alleged admission that the truck at issue was his, and that he had been behind the Wal-Mart store; and

    (b) Petitioner's alleged statement that, "All you have on me is tampering in the first f-----g degree. I ain't taking any other cases. . . You can send me to prison right now. I have been to prison. Prison don't mean nothing to me."

(§2254 Petition, PP. 4-8).[1]

## **DISCUSSION**

**A. <u>Exhaustion Analysis</u>**

A petitioner must exhaust his state law remedies before the federal court can address the merits of his claims in a habeas petition. 28 U.S.C. § 2254(b). The Court must first look to see whether the federal constitutional dimensions of the petitioner's claims have been fairly presented to the state court. <u>Smittie v. Lockhart</u>, 843 F.2d 295, 296 (8th Cir. 1988). If not, the petitioner may still meet the exhaustion requirement if there are no currently available non-futile state remedies by which he could present his claims to the state court. <u>Id.</u> When the petitioner's claims are deemed exhausted because he has no available state court remedy, the federal court still cannot reach the merits of the claims unless the petitioner demonstrates adequate cause to excuse his state court default and

---

[1] The Court finds the claims raised in Ground 4 of Petitioner's §2254 petition are identical to the claims raised in Grounds 1 and 2. To the extent Ground 4 may raise new claims, they are procedurally barred and will not be discussed in this Order.

actual prejudice resulting from the default. Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir.), cert. denied, 515 U.S. 1163 (1995); Stokes v. Armontrout, 893 F.2d 152, 155 (8th Cir. 1989). Every habeas ground advanced by the petitioner must survive this exhaustion analysis, or the petition must be dismissed. Rose v. Lundy, 455 U.S. 509 (1982).

The Court's review of the record demonstrates that Petitioner's claims are exhausted, either because they properly were raised in the state courts, or because Petitioner has no available non-futile state remedies by which he could present his claims.

**B. Procedural Bar**

In Ground 3(b) of his petition, Petitioner alleges the trial court violated his due process rights and right to be free from self incrimination, when it denied Petitioner's Motion to Suppress Statements, and admitted at trial the following incriminating statement Petitioner allegedly made before being given Miranda warnings: "All you have on me is tampering in the first f-----g degree. I ain't taking any other cases. . . You can send me to prison right now. I have been to prison. Prison don't mean nothing to me." (§2254 Petition, P. 7). A review of the record reveals that Petitioner failed to raise Ground 3(b) on direct appeal of his conviction. A claim must be presented at each step of the judicial process in state court to avoid procedural default. Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir.), citing Benson v. State, 611 S.W.2d 538, 541 (Mo. App. 1980), cert. denied, 513 U.S. 983 (1994). Because Petitioner has failed properly to raise the claim in state court proceedings, the claim is defaulted and he is procedurally barred from pursuing it here. Coleman v. Thompson, 501 U.S. 722, 731-32, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991); Forest v. Delo, 52 F.3d 716, 719 (8th Cir. 1995); Keithley v. Hopkins, 43 F.3d at 1217. This Court therefore cannot reach the merits of the claim

absent a showing of cause and prejudice, or a demonstration, "that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. Petitioner has neither asserted nor shown cause for his failure to raise the claim on direct appeal. In addition, because Petitioner makes no claim of actual innocence, he cannot satisfy the "fundamental miscarriage of justice" exception to the required showing of cause and prejudice. Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); Washington v. Delo, 51 F.3d 756, 761 (8th Cir.), cert. denied, 516 U.S. 876 (1995). Petitioner's claim raised in Ground 3(b) of the instant petition is therefore procedurally defaulted and will be denied.

**C. Claims Addressed On the Merits**

   **1. Ground One**

In Ground 1 of his petition, Petitioner claims that he received ineffective assistance of counsel, in that trial counsel failed to call Petitioner as a witness during the hearing on the Motion to Suppress Statements. (§2254 Petition, PP. 4-5). Petitioner raised this claim in his Rule 29.15 motion for post-conviction relief, and the motion court denied the claim as follows:

> In [Petitioner]'s first Point (8a1), [Petitioner] claims he was denied effective assistance of counsel and due process of law because counsel failed to call him at a motion to suppress. Counsel by both [Petitioner]'s own testimony in deposition and counsel's testimony at the hearing was the question whether he would testify at trial was discussed, and a decision was made by the [Petitioner] not to testify. Counsel stated that the decision for him not to testify at the suppression hearing was trial strategy....
>
> The question the Court must determine then is if [Petitioner] had testified would there be a reasonable probability the trial result would have been different. [Petitioner] claims he never made any admissions to Detective Grove. The admissions testified by Detective Grove at the suppression hearing relate to matters that the [Petitioner] himself would have had personal knowledge of. [Petitioner]'s credibility would be questioned due to his prior convictions.

> [Petitioner] has failed to show that counsel's representation fell below an objective standard of reasonableness, or that he was deprived of a fair trial, or that there is a reasonable probability that the outcome of the proceeding would have been different. [Petitioner] is not entitled to any relief on this point.

(Resp. Ex. 8, P. 63). Petitioner advanced the claim on appeal of the denial of his 29.15 motion, and the Missouri Court of Appeals denied the claim as follows:

> For his first point, [Petitioner] contends that the motion court clearly erred in denying, after an evidentiary hearing, his claim that trial counsel was ineffective for failing to call him as a witness at the pre-trial hearing on his motion to suppress his statements. [Petitioner] claims that if his trial counsel had called him as a witness, he would have testified that he made no statements to either Officer Barry Cundy or Detective George Grove, and the alleged statements would have been suppressed and not admitted at trial.
>
> Prior to trial [Petitioner] filed a motion to suppress statements on the grounds that the statements he made to law enforcement officials were made in violation of his right against self-incrimination, right to counsel, and due process rights and, therefore, they were not admissible at trial.
>
> In his amended motion, [Petitioner] alleged that trial counsel was ineffective for failing to call [Petitioner] to testify as a witness during the suppression hearing. He asserted that, had counsel called him to testify, he would have testified that he made no incriminating statements to either Officer Cundy or Detective Grove, and the motion to suppress would have been granted.
>
> In his deposition testimony offered at the motion hearing, [Petitioner] denied that he told a police officer that he owned the stolen freight liner. He also denied telling Detective Grove "all you have me on is tampering in the first degree" and "I'm not taking any other cases." He further denied telling Detective Grove he could send him to prison, that [Petitioner] had previously been in prison and that prison did not mean anything to [Petitioner]. He testified that he did not testify at trial because of his prior convictions.
>
> Trial counsel testified at the evidentiary hearing that she decided not to call [Petitioner] to testify at the hearing on the motion to suppress statements as a matter of trial strategy. She testified:
>
>> It's very rare for a defense attorney to put on a client at a motion to suppress because of trial strategy and because of things that could happen, things that can come back on you later if you do testify, so he didn't testify at the motion to suppress.
>
> She testified to her belief that, even if [Petitioner] had testified, the result would not have been different.

> The motion court found that there was no reasonable probability that the outcome of the suppression hearing would have been different if [Petitioner] had testified.
>
> The selection of witnesses and evidence to be produced at a pretrial hearing on a motion to suppress statements is a matter of litigation strategy and professional judgment. Pinkard v. State, 694 S.W.2d 761, 762 (Mo. App. 1985). The purpose of a motion to suppress statements is to obtain a judicial determination of the admissibility of a defendant's statements before the statements can be considered by the trier of fact. State v. Edwards, 30 S.W.3d 226, 230-31 (Mo. App. 2000).
>
> On the other hand, a defendant's admissions are direct evidence of his guilt. State v. Sumowski, 794 S.W.2d 643, 646 (Mo. banc 1990). It is for the jury to determine the credibility of witnesses, resolve conflicts in testimony, and weigh evidence. State v. Pond, 131 S.W.3d 792, 794 (Mo. banc 2004).
>
> Thus, the dispute over whether a defendant actually made statements is a question for the trier of fact; it is not a question bearing on admissibility. Had [Petitioner] testified at the motion to suppress, his testimony would have had no bearing on the issue then before the court, which was the admissibility of his statements, and could not have been a basis for the court to suppress the statements. Counsel is not ineffective for deciding not to call a witness whose testimony would be irrelevant. State v. Miller, 981 S.W.2d 623, 634 (Mo. App. 1998). Point one is denied.

(Resp. Ex. 11, PP. 3-5).

With respect to federal court review of state court conclusions, 28 U.S.C. §2254 states in pertinent part as follows:

> (d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

Upon review of the record, this Court finds the decision of the Missouri courts is

- 6 -

entitled to deference. In order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 694. To do so, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Upon consideration, the Court finds Petitioner fails to satisfy the first prong of the Strickland test, i.e., that his trial counsel's performance was deficient. Specifically, the Court notes trial counsel testified at the evidentiary hearing that it is rare for a defense attorney to put on a client at a motion to suppress hearing, because he or she may make statements that turn out to be detrimental. (Resp. Exh. 11, P. 4). Based on this explanation, the Court finds counsel's decision not to call Petitioner as a witness to testify constituted a matter of trial strategy. Thus, the Court holds trial counsel's actions were not objectively unreasonable, but rather fell within the wide range of professionally competent assistance sanctioned by Strickland, 466 U.S. at 690. Petitioner's request for

habeas relief on this ground must therefore be denied.[2]

**2. <u>Ground 2</u>**

In Ground 2 of his petition, Petitioner claims he received ineffective assistance of counsel, in that trial counsel failed to locate, interview, and call as witnesses St. Charles County Crime Investigator Kelly Tiefenbrunn and St. Charles City Police Officer James Arnold. (§2254 Petition, PP.5-7). Petitioner maintains the officers' testimony could have established a viable defense, as they would have testified Petitioner did not touch the duct tape concealing the semi-tractor's identification numbers, and thus did not tamper with the semi-tractor. (<u>Id.</u>, P. 5). Petitioner raised this claim in his Rule 29.15 motion for post conviction relief, and the motion court denied the claim as follows:

> [Petitioner]'s second point (8a2) is that he was denied effective assistance of counsel due to counsel's failure to call as witnesses St. Charles County Sheriff's employee Kelly Tiefenbrunn and St. Charles City police Officer Jim Arnold.
>
> At the evidentiary hearing [Petitioner] called Tiefenbrunn and Arnold. Officer Arnold testified he took picture[s] of the stolen truck [and t]he secured tape that had been place[d] over identifying numbers on the truck. This tape was sent to the St. Charles County Crime Lab for fingerprinting. CSI Tiefenbrunn testified that she received the tape and processed it for fingerprints. She testified no fingerprints were found on the tape. In her questioning she testified that she found no evidence to either exonerate or implicate the [Petitioner]. She also testified as to numerous reasons why fingerprints may not have been left on the tape. The State or [Petitioner] called [n]either witness at the trial. A decision not to call a witness is presumed trial strategy unless clearly shown to be otherwise. <u>Winfield v. State</u>, 93 S.W.3d 732 (Mo. banc 2002). Counsel testified at the evidentiary hearing that the decision not to call these witnesses [was] trial strategy. Counsel further attacked the State in closing argument for failure to produce any fingerprints. (Trial Trans. Pg. 149 lines 18-22).
>
> [Petitioner] has failed to show that counsel's representation fell below an objective standard of reasonableness, or that he was deprived of a fair trial, or that there is a reasonable probability that the outcome of the proceeding would have

---

[2] In light of the Court's ruling that trial counsel's performance was not deficient, it need not consider whether Petitioner suffered prejudice.

- 8 -

been different. [Petitioner] is not entitled to any relief on this point.

(Resp. Exh. 8, P. 64). Petitioner advanced the claim on appeal of the denial of his 29.15 motion, and the Missouri Court of Appeals denied the claim as follows:

> For his second point, [Petitioner] asserts that the motion court clearly erred in denying his Rule 29.15 motion because trial counsel did not act as a reasonably competent attorney when she failed to locate, interview, and call St. Charles County crime investigator Kelly Tiefenbrunn and St. Charles City Police officer James Arnold as witnesses at [Petitioner]'s trial. [Petitioner] asserts that Officer Arnold prepared a report stating that [Petitioner]'s fingerprints were not found on the duct tape covering the freight liner's Department of Transportation identification numbers.
>
> At trial, counsel did not call Ms. Tiefenbrunn or Officer Arnold to testify that [Petitioner]'s fingerprints were not found on the freight liner. However, counsel argued in closing argument that the state had failed to prove that [Petitioner] was in possession of the vehicle, and one of the reasons supporting this conclusion was the absence of fingerprints:
>
>> Now, Officer Cundy came in and gave a description, talked to [Petitioner] and said what he was wearing. No gloves. However, did we hear anything about fingerprints found in the vehicle? No. You would think if [Petitioner] was the one who was driving the vehicle, there would have been fingerprints, and in fact nothing has been presented today to show that there were fingerprints at all.
>
> In his amended motion, [Petitioner] asserted that he was denied effective assistance of counsel because counsel failed to locate, interview, and call as witnesses Ms. Tiefenbrunn and Officer Arnold. He alleged that the witnesses were willing and available to testify that they examined the stolen vehicle and duct tape on it, but did not find [Petitioner]'s fingerprints, and that this evidence would have established that [Petitioner] never touched the stolen vehicle or the duct tape that concealed its identification numbers.
>
> At the evidentiary hearing, Officer Arnold testified that he processed the crime scene. He testified that black duct tape covered the identification numbers on the exterior of the freight liner. He testified that the tape was processed for fingerprints, but that he did not personally process the tape. He testified that, to his knowledge, no evidence that either incriminated [Petitioner] or exonerated [Petitioner] was discovered.
>
> Ms. Tiefenbrunn testified that she processed the tape from [the] truck. She testified that she found no fingerprints on the tape, and that environment, temperature changes, and an individual's skin can cause fingerprints to disappear. She testified that she agreed that her findings did not point to any person in

particular, but also did not exonerate anyone. Both witnesses testified that if they had been called to testify at trial, they would have been willing and available and would have testified in a substantially similar manner.

[Petitioner]'s trial counsel testified that Ms. Tiefenbrunn and Officer Arnold were endorsed by the state, but the state decided not to call them. She testified that she decided not to call Ms. Tiefenbrunn and Officer Arnold as a matter of trial strategy. She testified that she did bring up in her closing argument the fact that the state had not adduced any fingerprint evidence.

The motion court found that [Petitioner] had failed to overcome the presumption that counsel's decision not to call the witnesses was trial strategy or show that the outcome of trial would have been different.

An attorney's selection of witnesses and the introduction of evidence are question[s] of trial strategy. Leisure v. State, 828 S.W.2d 872, 875 (Mo. banc 1992). An attorney's decision not to call a witness to testify, as a matter of trial strategy, is virtually unchallengeable. Id. "If a potential witness's testimony would not unqualifiedly support a defendant, the failure to call such a witness does not constitute ineffective assistance of counsel." Id.

If Ms. Tiefenbrunn and Officer [Arnold] had been called to testify at [Petitioner]'s trial, they would have testified that they did not find any evidence that would exonerate [Petitioner]. Their testimony would not have unqualifiedly supported the defense theory that [Petitioner] was not in possession of the vehicle. Accordingly, the motion court did not clearly err in denying relief on this claim. Point two is denied.

(Resp. Exh. 11, PP. 5-7).

As stated above, with respect to federal court review of state court conclusions, 28 U.S.C. §2254 states in pertinent part as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

Upon consideration, this Court finds the decision of the Missouri courts is entitled to deference. As stated above, in order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. at 687. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 694. To do so, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Upon consideration, the Court finds that with this claim, Petitioner fails to satisfy either prong of the Strickland test. First, with respect to deficient performance, the Court notes Petitioner's attorney testified during the evidentiary hearing that her decision not to call Ms. Tiefenbrunn and Officer Arnold was a matter of trial strategy. She further testified that she did bring up in her closing argument the fact that the State had not adduced any fingerprint evidence. Based on this explanation, the Court finds counsel's decision not to call the two witnesses to testify constituted a matter of trial strategy. Thus, the Court holds trial counsel's actions were not objectively unreasonable, but rather fell within the wide range of professionally competent assistance sanctioned by Strickland, 466 U.S. at 690.

Furthermore, the Court's review of the record reveals Petitioner fails to demonstrate the requisite prejudice as well. Specifically, the Court notes it is undisputed the evidence Petitioner wished to elicit neither incriminated nor exonerated Petitioner. Rather, both witnesses testified they found no fingerprints on the tape, and Ms. Tiefenbrunn further testified that environment, temperature changes, and an individual's skin can cause fingerprints to disappear. In light of the foregoing, the Court finds that with this claim, Petitioner fails to prove, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. at 694. Petitioner's request for habeas relief on this ground must therefore be denied.

### 3. Ground 3(a)

In Ground 3(a) of his petition, Petitioner claims the trial court violated his due process rights and right to be free from self incrimination, when it denied Petitioner's Motion to Suppress Statements, and admitted at trial Petitioner's alleged statement that the truck at issue was his, and that he had been behind the Wal-Mart store at issue. (§2254 Petition, PP. 7-8). Petitioner exhausted his state remedies with respect to the above statements, by raising the claim on direct appeal of his conviction. In its decision affirming the conviction, the Missouri Court of Appeal stated as follows:

> In his sole point on appeal, [Petitioner] argues the court erred in denying [Petitioner]'s motion to suppress statements he made to Officer at the restaurant, i.e., that the truck belonged to [Petitioner] and that he had been behind Wal-Mart because the truck had overheated and he had fallen asleep. [Petitioner] further argues that the admission of these inculpatory statements violated his constitutional rights because the statements were made: 1) while [Petitioner] was in police custody and without [Petitioner] being advised of his Miranda[3] rights; and 2) in answer to direct questioning by Officer that was reasonably likely to

---

[3] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

elicit an incriminating response.

On the contrary, the State argues [Petitioner]'s Miranda rights were not violated because [Petitioner] was not in custody at the time he made the statements. The State further argues that Officer was not required to give the Miranda warnings because Officer's questions to [Petitioner] were made during the course of a preliminary investigation. We agree.

Coercive police activity is necessary to a finding that a person's statement was involuntary, and, therefore, inadmissible. State v. Norton, 904 S.W.2d 265, 271 (Mo.App. W.D. 1995). A person is entitled to the Miranda warnings, consistent with his constitutional right against self-incrimination, once he is subjected to custodial interrogation. State v. Taylor, 109 S.W.3d 190, 192 (Mo. App. E.D. 2003). "Custodial interrogation" is questioning initiated by law enforcement officers, which occurs only when a person is formally arrested or subjected to arrest-like restraint *during the questioning*. Werner, 9 S.W.3d at 595; State v. Dye, 946 S.W.2d 783, 786 (Mo.App. E.D. 1997); Norton, 904 S.W.2d at 271 (emphasis ours).

Whether a defendant was in custody is a mixed question of law and fact that we review independently. State v. Partridge, 122 S.W.3d 606, 610 (Mo.App. E.D. 2003). When determining custody, Missouri courts examine whether, under the totality of the circumstances, a reasonable person in the defendant's position would have understood the situation to be one of custody, including the defendant's freedom to leave and the purpose, place, and length of the interrogation. Werner, 9 S.W.3d at 595; Partridge, 122 S.W.3d at 609-10. The courts also consider six additional non-exclusive factors: 1) whether the defendant was informed at the time of questioning that the questioning was voluntary, that the defendant was free to leave or request the officers to do so, or that the defendant was not under arrest; 2) whether the defendant possessed unrestrained freedom of movement during questioning; 3) whether the defendant initiated contact with police or voluntarily acquiesced to official requests; 4) whether the police used strong-arm tactics or deceptive stratagems during questioning; 5) whether the atmosphere was police dominated; and 6) whether the suspect was placed under arrest at the termination of questioning. Werner, 9 S.W.3d at 595; Partridge, 122 S.W.3d at 610; Taylor, 109 S.W.3d at 192-93. While a determination of whether the defendant was in custody is not limited to the application of these factors, the affirmative presence of the first three factors tends to show the defendant was not in custody, and the affirmative presence of the last three factors tends to show the defendant was in custody. Partridge, 122 S.W.3d at 610; Taylor, 109 S.W.3d at 193.

However, a person is not in custody when he is asked preliminary, investigatory questions by police officers. Dye, 946 S.W.2d at 786; Norton, 904 S.W.2d at 271. The Miranda warnings are not required where police conduct general on-the-scene questioning regarding facts surrounding a crime or other general questioning of citizens during the fact-finding process. Norton, 904

S.W.2d at 271; Miranda, 384 U.S. at 477-78, S.Ct at 1629. Even when police have reason to suspect that a person they are questioning was somehow involved in a crime, the Miranda warnings are not required unless that person is "in custody." State v. Dravenstott, 138 S.W.3d 186, 196 (Mo.App. W.D. 2004).

In this case, the circumstances do not require us to engage in a detailed analysis of the six factors described above. [Petitioner] clearly was not "in custody" when he made the allegedly incriminating statements to Officer. When Officer approached [Petitioner] at the restaurant, Officer had just arrived on the scene to which he had been dispatched and was investigating possible criminal activity based on the information relayed by Ames. The record indicates that at the time of the questioning, Officer had not verified that a crime had been committed, and his questions were merely information-seeking. The record also indicates that [Petitioner] cooperated fully with Officer throughout the investigation. [Petitioner] voluntarily told Officer that the truck was his and that he had been at the Wal-Mart because the truck had overheated. [Petitioner] also voluntarily walked out of the restaurant to continue his conversation with Officer. Furthermore, Officer asked his investigative questions *prior* to placing [Petitioner] in handcuffs and in the patrol car. None of the statements [Petitioner] sought to suppress was elicited *after* he was placed in handcuffs; thus, we need not address whether handcuffing [Petitioner] transformed the situation into a custodial setting. Norton, 904 S.W.2d at 272 (appellate court found the fact that a person was placed in handcuffs after questioning during a preliminary investigation but before formal arrest was irrelevant to analysis of whether the person was in custody for purposes of Miranda). Once Officer discovered the truck had been stolen, he did not ask [Petitioner] any additional questions or engage in any more conversation. Therefore, because substantial evidence in the record supports the ruling, the trial court did not err in denying [Petitioner]'s motion and admitting the statements at trial. Point denied.

(Resp. Ex. 6, PP. 5-8).

As stated above, with respect to federal court review of state court conclusions, 28 U.S.C. §2254 states in pertinent part as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

Upon consideration, this Court finds that the decision of the Missouri state court was not contrary to clearly established Federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented. Petitioner's request for habeas relief on this ground must therefore be denied under 28 U.S.C. § 2254(d).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 11th day of June, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE